38703. State of Ohio, appellee v. Maynard, appellant.

38704. State of Ohio, appellee v. Davis, appellant.

38705. State of Ohio, appellee v. Goldberg, appellant.

38706. State of Ohio, appellee v. Wohlstein, appellant. Certified by the Court of Appeals for Franklin County.

O'Neill, Judge.

The arrest and prosecution of a person for violation of Section 3773.24, Revised Code (Sunday Closing Law), can be caused by two methods: (1) by filing an affidavit with a judge or clerk of a court of record or with a magistrate and (2) by filing an affidavit with the prosecuting attorney or attorney charged by law with the prosecution for the offense, who, in turn, shall file a complaint. (Section 2935.09, Revised Code.)

Judgments affirmed.

Taft, C. J., Zimmerman, Matthias, Griffith and Herbert, JJ., concur.

Gibson, J., concurring in part.

38584 and 38585. Kane, a minor, appellant v. Quigley, appellee (Two Cases). Appeals from the Court of Appeals for Cuyahoga County.

O'Neill, Judge.

A petition by a minor child, alleging that a defendant wrongfully induced the plaintiff's father to abandon his family thereby (1) depriving the plaintiff of his father's affection, companionship and guidance and (2) bringing unwanted attention and unwarranted publicity causing embarrassment, humiliation and loss of social standing to the plaintiff, is subject to demurrer on the ground that it fails to state a cause of action.

Judgments affirmed.

Taft, C. J., Zimmerman, Matthias, Griffith and Herbert, JJ., concur.

Gibson, J., dissenting.

38833. The State of Ohio, appellee v. Waldbillig, appellant. Appeal from the Court of Appeals for Hamilton County.

Taft, Chief Justice.

1. Where those in possession of and occupying an automobile have been lawfully arrested and removed to a police station, the police may lawfully take possession of such automobile and remove it to the police station; and, if, in doing so and not as the result of any search of such automobile, the police find incriminating evidence therein, such evidence may be admissible.

2. Where evidence has been found as a result of an illegal search, has not been suppressed on request and has been erroneously admitted against a defendant, such defendant's conviction should not be set aside if it does not appear that there is a reasonable possibility that the admission of such evidence may have contributed to the conviction.

Judgment affirmed.

Zimmerman, Matthias, Griffith and Herbert, JJ., concur.

O'Neill and Gibson, JJ., dissent.